## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

ELI ZHADANOV,

      Plaintiff,

      v.

AQUA HOME PRODUCT INC.,

      Defendant.

Case No. 1:26-cv-1020

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff, Eli Zhadanov ("Zhadanov" or "Plaintiff"), by and through his undersigned counsel, hereby complains of Defendant, Aqua Home Product Inc. ("Defendant"), as follows:

### NATURE OF THE CASE

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. including 35 U.S.C. § 271. Plaintiff seeks injunctive relief, damages, attorneys' fees, and all other available and appropriate relief for Defendant's infringement of U.S. Patent No. 12,485,435 ("the '435 Patent"), attached as Exhibit A.

### THE PARTIES

2.  Zhadanov is an individual who resides in Brooklyn, New York. Zhadanov is the President of Interlink Products International, Inc. ("Interlink") and is the named inventor and owner of all right, title, and interest in the '435 Patent.

3.  On information and belief, Defendant Aqua Home Product is a New York company that serves as a U.S. corporate front for an anonymous Chinese company. According to the information it provides on Amazon.com, and as reflected in New York state online corporate records, Aqua Home Product's address as 13626 Booth Memorial Ave Fl. 1, Flushing, NY 11355.

**JURISDICTION AND VENUE**

4.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

5.      Personal jurisdiction exists over Defendant in New York and this district, as Defendant is a New York corporation and resides in this district. Personal jurisdiction further exists over Defendant pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3), or in the alternative, Federal Rule of Civil Procedure 4(k), because,

    (a) on information and belief, Defendant regularly conducts, transacts and/or solicits business in New York, and/or derives substantial revenues from its business transactions in New York and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process

    (b) Defendants' deceptive and infringing actions caused and are continuing to cause injury to Plaintiff in New York such that Defendants should reasonably expect such actions to have consequences in New York. Defendant sells its infringing  and deceptively marketed products to customers in New York and ships those products into New York for the purpose of consummating sales transactions with New York residents. Defendant thus intentionally directs its infringing activities and deceptive marketing into New York. Further, Defendant sells its infringing, deceptively marketed products in direct competition with Interlink for the patronage of New York customers.

(c) Defendant was and is systematically directing and/or targeting its business activities at consumers in the U.S., including New York, through its user account with Amazon, through which consumers in the U.S., including New York, can view Defendants' Amazon storefront that Defendant operates, uses to communicate with consumers regarding the infringing and deceptively marketed products, through which customers place orders for, receive invoices for, and purchase the products at issue for delivery in the U.S., including New York. Defendant uses its Amazon account as a means for establishing regular business within the U.S., including New York.

(d) On information and belief, Defendant has sold its infringing and deceptively marketed products to New York customers and has shipped those products to purchasers in New York.

(e) Defendant has engaged in its infringing and deceptive activities with full knowledge that its unlawful actions alleged herein were and are likely to cause injury to Plaintiff in the U.S. and specifically, in New York. Defendant has engaged in its infringing and deceptive conduct knowing that Zhadanov resides in Brooklyn, New York, and that Defendant competes with Zhadanov and Interlink for the sale of products on the Amazon platform, including for sales to customers located in New York. Both patents identify Zhadanov as residing in New York, and Defendant was aware that it was competing with Zhadanov and Interlink for sales to customers in New York. Defendant nevertheless continued to infringe the patents and to make its false representations regarding the products.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**GENERAL BACKGROUND**

7.    Interlink was founded in 1996 and specializes in the development, production and marketing of shower and bath products.

8.    Interlink's products include several lines of showerheads that can be purchased in the stores of major national retailers like Walmart, The Home Depot and Lowe's, and online from platforms like Amazon.com ("Amazon"), Walmart.com, and Wayfair.com.

9.    Plaintiff estimates that Interlink is the leading seller of showerheads on Amazon.

10.    Interlink offers several top-selling showerheads on Amazon, including the AquaCare® line of showerheads.

11.    AquaCare® showerheads include models sold under the '435 Patent that are among the top selling showerheads on Amazon, and one of which (the AquaCare® 8-setting handheld showerhead, Model 2639M) is among the top-selling showerheads in the United States. Examples of the AquaCare® products sold under the '435 Patent are shown below.



  

12.     Interlink is the sole licensee of the '435 Patent and serves as the vehicle through which Zhadanov practices and monetizes the inventions that are the subject of the patent.

13.     Zhadanov also owns the AquaCare® brand.

14.     Defendant sells a single showerhead product through its Amazon account. It is the only product sold through the account.

15.     Defendant sells its showerhead (hereinafter, "the Accused Product") under the following model number and Amazon Standard Identification Number (ASIN):

**Model No. NY102022SH**



ASIN: B0BB5DV24G

16.     The Accused Product is among the top selling showerheads on Amazon. In fact, it is the second-best-selling showerhead in the handheld showerhead category – second only to Plaintiff's AquaCare® model 2639M handheld showerhead (mentioned above).

17.     Defendant sells the Accused Product in direct competition with Plaintiff.

18.     The central feature of the Accused Product that drives its sales, and distinguishes it

from similar, non-infringing products, is a handheld showerhead with a cleaning jet on the top portion that provides two different types of cleaning spray patterns, as reflected in the following screenshot of Defendant's advertising:



19.     This dual mode cleaning-jet feature is the subject of the invention of the '435 Patent and is a central selling point of Plaintiff's products sold under the patents, as reflected in the example of Interlink's advertising shown below.



20.     The '435 Patent issued on December 2, 2025.

21.     Defendant's sale of the Accused Product and corresponding infringement of the claims

of the '435 and '850 Patents directly erodes Interlink's, and therefore Plaintiff's, market share and goodwill.

**COUNT I**
**INFRINGEMENT OF U.S. PAT. NO. 12,485,435**

22.    Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

23.    In general terms, the '435 Patent claims a showerhead that allows for the controlled flow of water through nozzles in transverse directions of water flow, where at least two nozzles are disposed in the head portion and configured to spray two different types of water flow in substantially the same direction that is transverse to the flow of water out of the face of the showerhead. *See* Patent Drawings below.



24.    Each of the limitations of at least claims 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the '435 Patent are present in the Accused Product.

25.    The Accused Product allows a user to control the flow of water through nozzles on the

face of the handheld showerhead, in one direction, and three nozzles located near the top of the showerhead, in substantially the same direction, which is transverse to the flow of water emanating from the nozzles on the face of the showerhead.

26.     The nozzles at the top of the Accused Product can be used to rinse and clean the shower. These cleaning nozzles provide two different types of water flow streams: a jet that emanates from the center nozzle and a wider, flat stream from the two side nozzles. An example of Defendant's advertising depicting the different types and directions of water flow in the Accused Product is set forth below.



27.     Defendant has directly infringed one or more claims of the '435 Patent by offering for sale, selling, using, importing, and distributing the Accused Product in the United States.

28.     On information and belief, Defendant has directly infringed one or more claims of the '435 Patent by  making the Accused Product or causing it to be made for importation and sale in the United States.

29.     Defendant has further infringed the claims of the '435 Patent by inducing others,

including purchasers, to use the Accused Product and thereby infringe the '435 Patent. Defendant has induced such infringement willfully and intentionally, with the knowledge that sale of the Accused Product and instructions for use to consumers would result in such infringement.

30.     Defendant's commercial activities related to sale of the Accused Product constitutes the willful, knowing disregard of the '435 Patent and intentionally induce infringement of the '435 Patent by purchasers.

31.     Defendant has engaged in its infringing activities intentionally and with full knowledge that the Accused Product infringes the claims of the '435 Patent.

32.     Defendant has engaged in the foregoing acts of infringement despite an objectively high likelihood that their actions constitute infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Defendant.

33.     At all relevant times, Plaintiff (through Interlink) sells and has sold products that compete directly with the Accused Product. As a result of Defendant's infringement, Plaintiff has suffered direct competitive harm, including loss of market share, harm to goodwill, and lost sales revenue.

34.     Defendant's infringement is ongoing and has injured and will continue to injure Plaintiff unless an injunction issues prohibiting further direct and induced infringement, including enjoining further sale of Defendant's infringing products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with Defendant, granting the following relief:

A. An award of damages for Defendant's direct and indirect infringement of the '435 Patent, including Plaintiff's lost profits and/or reasonable royalties for the infringement, and any other relief provided for under 35 U.S.C. § 284, together with prejudgment interest from the date Defendant's infringement of the patents commenced;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Plaintiff of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A temporary restraining order and preliminary and permanent injunctive relief prohibiting further direct and indirect infringement of the '435 Patent;

E. Compensatory damages;

F. Reasonable attorneys' fees and costs; and

G. Any other relief in Interlink's favor that the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.

Dated: February 20, 2026                    Respectfully submitted,

The Law Office of
JASON B. LATTIMORE, ESQ. LLC

By  s/ Jason B. Lattimore
    Jason B. Lattimore
    55 Madison Avenue, Suite 400
    Morristown, NJ 07960
    Telephone: (973) 998-7477
    Jason@Lattimorelaw.com

    *Counsel for Plaintiff*